IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARCUS ACIE-GRIFFIN** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case. No. 2:25-cv-01833-JDW |
| | : | |
| **SECRETARY OF THE TREASURY,** | : | |
| Defendant. | : | |

### MEMORANDUM

Marcus Acie-Griffin, a prisoner currently confined at SCI Phoenix, brings this *pro se* matter against the Secretary of the Treasury. He seeks leave to proceed *in forma pauperis*. For the following reasons, I will grant Mr. Acie-Griffin *in forma pauperis* status and dismiss his Complaint.

**I.      FACTUAL ALLEGATIONS**

Mr. Acie-Griffin submitted several documents to initiate this civil action, which he describes in the cover letter to his filing as a "Complaint (Bill in Equity)," "Act of State/Reaffirmation of Character/Renunciation of Attempted Expatriations," "Declaration of Private Citizen and release of Signature and Suretyship," "Notice of Interest/Claim," and "Memorandum of Law." In the Complaint, he claims he "made a claim to rights and interest in the private estate" of Marcus Anthony Acie-Griffin on September 7, 2024, and notified Defendant via United States mail but failed to receive a response within the thirty-day time frame he provided in the notice. (ECF No. 1 at ¶ 3.) According to Mr.

Acie-Griffin, he is, therefore, entitled to equitable title to the trust, a full accounting, and an extinguishment of debts and liabilities.

## II.     STANDARD OF REVIEW

A plaintiff seeking leave to proceed *in forma pauperis* must establish that he is unable to pay for the costs of his suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Where, as here, a court grants a plaintiff leave to proceed *in forma pauperis*, it must determine whether the complaint states a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). That inquiry applies the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). I must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). That means I must accept the factual allegations in the Complaint as true, draw inferences in favor of the plaintiff, and determine whether there is a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Conclusory allegations do not suffice. *See Iqbal*, 556 U.S. at 678. When a plaintiff is proceeding *pro se*,, I construe his allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

Additionally, 28 U.S.C. § 1915(e)(2)(B)(i) requires me to dismiss the Complaint if it is frivolous. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The use of the term "frivolous" in § 1915 "embraces not only the inarguable legal conclusion, but also the fanciful factual

allegation." *Id.* Section 1915 accords judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless[,]" including claims that describe "fantastic or delusional scenarios[.]" *Id.* at 327. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]" *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A claim is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

### III.   DISCUSSION

#### A.   *In Forma Pauperis*

Mr. Acie-Griffin has completed the required forms and attested under penalty of perjury that he lacks the income or assets to pay the required filing fees. I will therefore grant him leave to proceed without paying those fees.

#### B.   **Plausibility Of Claims**

The Complaint and its attachments are rambling and replete with sovereign citizen verbiage and assertions.[1] As a panel of the Third Circuit put it, this type of

---

[1] The United States Court of Appeals for the Third Circuit has described sovereign citizen averments as follows:

> Although "sovereign citizens" do not share identical beliefs, they generally believe that they are neither subject to federal law nor federal courts' jurisdiction. *See United States v. Banks*, 828 F.3d 609, 615 n.1 (7th Cir. 2016) ("Defendants claiming to be 'sovereign citizens' assert that the federal government is illegitimate and insist that they are not subject to its jurisdiction." (internal quotation marks and citation omitted)); *see also*

3

allegation is "alchemistic, archaic, and irrelevant formalism, [that is] unlikely to bring [a plaintiff] relief in any court of law." *Coppedge v. Deutsche Bank Nat. Trust*, 511 F. App'x 130, 133 (3d Cir. 2013) (*per curiam*). Indeed, "[c]ourts confronted with sovereign citizens' legal theories summarily reject them as frivolous." *See Geiger*, 2023 WL 2577233, at *1 n.1 (quotations and alteration omitted). Having reviewed the Complaint in its entirety, I can discern no basis for a plausible claim against Defendant. And, to the extent that Mr. Acie-Griffin seeks to assert constitutional claims against the United States for money damages, his claims fail. "[T]he United States, as sovereign, is generally immune from suits seeking money damages." *Dep't of Agric. Rural Dev. Rural Hous. Serv. v. Kirtz*, 601 U.S. 42, 48 (2024) (citation omitted). Congress may choose to waive that immunity, but it hasn't done so for civil rights actions. *See Ellerbe v. U.S. Dist. Ct. for E. Dist. of Pennsylvania*, No. 22-4250, 2022 WL 17177481, at *3 n.3 (E.D. Pa. Nov. 23, 2022).

---

*United States v. DiMartino*, 949 F.3d 67, 69 (2d Cir. 2020) (explaining that "the Sovereign Citizen movement" is "a loosely affiliated group who follow their own set of laws and, accordingly, do not recognize federal, state, or local laws, policies or regulations as legitimate" (internal quotation marks and citation omitted). Their claims . . . of course, lack merit. *See United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts.").

*United States v. Taylor*, 21 F.4th 94, 102 n.6 (3d Cir. 2021).

## IV. CONCLUSION

I will grant Mr. Acie-Griffin leave to proceed *in forma pauperis* and dismiss his Complaint with prejudice as legally frivolous. Given the frivolous nature of the claims, I conclude that amendment would be futile, so I will not grant Mr. Acie-Griffin leave to amend. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

May 12, 2025